IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AT&T CORP.,
a New York corporation,

      Plaintiff,

vs.

WELCH FOODS, INC.,
a Michigan corporation,

      Defendant.

Case No.

MAGISTRATE JUDGE _Alexander_

RECEIPT # 58328
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. ROM
DATE 8/31/04

## COMPLAINT FOR BREACH OF CONTRACT AND QUANTUM MERUIT/ UNJUST ENRICHMENT

Now comes Plaintiff, AT&T Corp. ("Plaintiff"), through its undersigned counsel, and for its Complaint, complains and alleges of Defendant, Welch Foods, Inc. ("Defendant"), as follows:

### JURISDICTION AND VENUE

1. Plaintiff is a corporation organized and existing under the laws of New York with its principal place of business located at One AT&T Way, Bedminster, New Jersey 07921, and is authorized to do business as a foreign corporation within the State of Massachusetts.

2. Plaintiff is informed and believes and thereon alleges that Defendant is a corporation organized and existing under the laws of Michigan with its principal place of business in the State of Massachusetts, County of Middlesex, to which location Plaintiff rendered tariffed communications services that are the subject of this Complaint.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between parties that are citizens of different states.

4. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337, in that the action arises under the statutes of the United States. The amount sought to be recovered hereunder is for interstate communications service provided under tariff[s] filed with the Federal Communications Commission ("F.C.C.") pursuant to the Communications Act of 1934, as amended, 47 U.S.C. §203; American Telephone and Telegraph Company v. Florida-Texas Freight, Inc., 357 F.Supp. 977 (S.D. Fla. 1973), aff'd, 485 F.2d 1390 (5th Cir. 1973).

5. Venue is proper under 28 U.S.C. §1391(b), in that Defendant resides in this judicial district and the tariffed communication services at issue were provided to Defendant in this judicial district.

## GENERAL ALLEGATIONS

6. Between April, 1998 and January, 2003 Defendant ordered various AT&T Private Line communications services.

7. AT&T provided Defendant with Private Line telecommunications services to Defendant under account numbers 8001-814-9742, 8002-114-8152, 8002-297-9514, and 8000-848-4927 (the "Services").

8. Services were provided by AT&T in accordance with the AT&T Service Guide and Tariffs on file with the F.C.C., including Tariff Nos. 1, 2, 9, 11, and 13.

9. During the term of Service, Defendant failed to pay monthly and other charges totaling $268,166.41.

10. Plaintiff has demanded payment in full for the Services provided to Defendant, but has received no part of the $268,166.41, which is due.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

11. Plaintiff incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 10 above.

12. Defendant's refusal and failure to pay, as set forth above, constitutes a breach of contract.

13. As a result of Defendant's breach of contract, Plaintiff has suffered damages in the amount of $268,166.41.

14. Plaintiff is entitled to all amounts owed under the Contract, plus collection costs including, but not limited to, reasonable attorneys' fees, and interest associated with Defendant's breach.

## SECOND CAUSE OF ACTION
### (Quantum Meruit/Unjust Enrichment)

15. Plaintiff incorporates by reference as it fully set forth herein, the allegations contained in Paragraphs 1 through 14 above.

16. AT&T furnished Private Line telecommunications services to the Defendant.

17. The telecommunications Services were furnished by AT&T with the reasonable expectation that it would be paid for the Services.

18. Defendant requested and accepted the Services expecting to pay for them, or under such circumstances that it knew, or as a reasonable company should have known, that AT&T expected to be paid.

19. By failing to pay Plaintiff the sums owed to it, Defendant has become unjustly enriched and is indebted to the Plaintiff under the theory of Quantum Meruit for, a minimum of $268,166.41.

WHEREFORE Plaintiff prays for judgment as more fully set forth below:

1. For the principal sum of $268,166.41 in unpaid monthly and other charges, plus interest at the legal rate on each month's charge for Plaintiff's services from the date the charge was due until it is paid, and attorney's fees;

2. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

_____
William M. Zall
BBO #554135
Cunningham, Machanic, Cetlin,
Johnson & Harney, LLP
220 North Main Street
Natick, MA 01760
TEL:(508) 651-7524
FAX:(508) 653-0119

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _AT+T Corp. v. Welch Foods Inc._

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _None_

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  William M. Zall, Esq.
ADDRESS  Cunningham, Machanic, Cetlin, Johnson & Harney, LLP, 220 N. Main St., Natick, MA 01760
TELEPHONE NO.  (508)-651-7524

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
AT&T Corp.

**DEFENDANTS**
Welch Foods, Inc.

(b) County of Residence of First Listed Plaintiff: Somerset, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
William M. Zall, Esq.
Cunningham, Machanic, Cetlin, Johnson & Harney, LLP
220 North Main Street, Natick, MA 01760   (508)-651-7524

Attorneys (If Known)

Stamp: 04 11899 DPW

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 720 Labor/Mgmt. Relations | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 863 DIW C/DIW W (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 864 SSID Title XVI | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 865 RSI (405(g)) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | **FEDERAL TAX SUITS** | |
| | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | ☐ 790 Other Labor Litigation | |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | |
| | | | ☐ 871 IRS - Third Party 26 USC 7609 | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity (28 USC §1332); recovery of unpaid fees for services provided

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** $268,116.41
**CHECK YES** only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: August 30, 2004
SIGNATURE OF ATTORNEY OF RECORD: /s/

FOR OFFICE USE ONLY
RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___