IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

AT&T CORP., :
a New York corporation, :
 :
 :
 Plaintiff, :
vs. :
 : Case No. 04 11899 DPW
WELCH FOODS, INC., :
a Michigan corporation, :
 :
 :
 Defendant. :

### PLAINTIFF'S REPLY TO COUNTERCLAIM

Plaintiff, AT&T Corp. ("Plaintiff"), by its undersigned counsel, hereby replies to the Counterclaim by the Defendant, Welch Foods, Inc. ("Defendant"), as follows:

1. Admit.

2. Admit.

3. Plaintiff admits that the parties discussed new contracts for private line T1.5 services, which expired in August, 2001. Plaintiff denies all remaining allegations in paragraph 3.

4. Deny.

5. Plaintiff is without information to admit or deny the allegations contained in Paragraph 5.

6. Plaintiff admits that contracts for different services were executed by the parties at different times during the parties relationship. Plaintiff denies any remaining allegations in paragraph 6.

7. Admit services continued and were utilized by the Defendant through January, 2003. Plaintiff denies all remaining allegations in paragraph 7.

8.     Admit tariff rates were charged to Defendant subsequent to private line T1.5 contract expiration, which would have been higher than the discounted rates Defendant received under a term contract.

9.     Admit discussions between the parties in 2001 and 2002 relating to services. Plaintiff denies all remaining allegations in paragraph 9.

10.    AT&T affirmatively states that a credit of $125,020.15 was given to the Defendant in October, 2002 and that such credit was given to the Defendant in good faith to facilitate a new private line T1.5 contract between the parties, not because AT&T thought that the credit was owed the Defendant. AT&T also affirmatively states that additional credits were discussed with the Defendant and that Defendant knew that such credits would only be given by AT&T if a new private line T1.5 contract was signed by the Defendant, which never occurred. Plaintiff denies all remaining allegations in paragraph 10.

11.    Denied.

12.    Deny there were unfulfilled promises and assurances. Plaintiff is without information to admit or deny the remaining allegations contained in Paragraph 12.

13.    AT&T affirmatively states that a credit of $125,020.15 was given to the Defendant in October, 2002 and that such credit was given to the Defendant in good faith to facilitate a new private line T1.5 contract between the parties, not because AT&T thought that the credit was owed the Defendant. Plaintiff denies remaining allegations in paragraph 13.

14.    AT&T affirmatively states that a credit of $125,020.15 was given to the Defendant in October, 2002 and that such credit was given to the Defendant in good faith to facilitate a new private line T1.5 contract between the parties, not because AT&T thought that the credit was owed the Defendant. AT&T also affirmatively states that additional credits were discussed with

the Defendant and that Defendant knew that such credits would only be given by AT&T if a new private line T1.5 contract were signed by the Defendant, which never occurred. Plaintiff denies all remaining allegations in paragraph 14.

15.  AT&T affirmatively states that any e-mail speaks for itself.

16.  AT&T is without information as to the timing allegations and therefore denies the allegations contained in Paragraph 16.

17.  AT&T affirmatively states that a credit of $125,020.15 was given to the Defendant in October, 2002 and that such credit was given to the Defendant in good faith to facilitate a new private line T1.5 contract between the parties, not because AT&T thought that the credit was owed the Defendant. AT&T also affirmatively states that additional credits were discussed with the Defendant and that Defendant knew that such credits would only be given by AT&T if a new private line T1.5 contract were signed by the Defendant, which never occurred. Plaintiff denies all remaining allegations in paragraph 17.

18.  AT&T admits that payments were made by the Defendant. AT&T denies any remaining allegations in paragraph 18.

19.  AT&T affirmatively states that a credit of $125,020.15 was given to the Defendant in October, 2002 and that such credit was given to the Defendant in good faith to facilitate a new private line T1.5 contract between the parties, not because AT&T thought that the credit was owed the Defendant. AT&T also affirmatively states that additional credits were discussed with the Defendant and that Defendant knew that such credits would only be given by AT&T if a new private line T1.5 contract were signed by the Defendant, which never occurred. Plaintiff denies all remaining allegations in paragraph 19.

20.  Deny.

21. Deny.

22. Deny.

23. For its response to paragraph 23 of Defendant's Counterclaim, Plaintiff incorporates by this reference its responses to paragraphs 1 through 22 above.

24. Admit services continued and were utilized through January, 2003. Plaintiff denies all remaining allegations in paragraph 24.

25. Admit tariff rates were charged to Defendant subsequent to private line T1.5 contract expiration, which would have been higher than the discounted rates Defendant received under a term contract. Plaintiff denies any remaining allegations in paragraph 25.

26. AT&T admits that payments were made by the Defendant. AT&T denies any remaining allegations in paragraph 26.

27. Deny.

28. For its response to paragraph 28 of Defendant's Counterclaim, Plaintiff incorporates by this reference its responses to paragraphs 1 through 27 above.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. For its response to paragraph 33 of Defendant's Counterclaim, Plaintiff incorporates by this reference its responses to paragraphs 1 through 32 above.

34. Deny.

35. Deny.

36. Deny.

37. For its response to paragraph 37 of Defendant's Counterclaim, Plaintiff incorporates by this reference its responses to paragraphs 1 through 36 above.

38. Admit that Welch's principal pace of business is in the state of Massachusetts. Admit that the parties communicated within the state of Massachusetts. Plaintiff is without information to admit or deny the remaining allegations contained in Paragraph 38.

39. Deny.

40. The paragraph immediately succeeding Paragraph 39 of the Counterclaim contains a prayer for relief and not allegations which require a response. If responses are required to such statement, Plaintiff denies each and every claim made in such section.

41. To the extent that Plaintiff has failed to respond to any allegation contained in the Counterclaim, Plaintiff denies any and all allegations.

## AFFIRMATIVE DEFENSES

1. Defendant's Counterclaim fails to state any claims upon which relief can be granted.

2. Defendant's Counterclaim may be barred, in whole or in part, by the terms and conditions set forth in contract between the parties.

3. Defendant's Counterclaim may be barred by the doctrine of estoppel.

4. Defendant's Counterclaim may be barred by the doctrine of waiver.

5. Defendant's Counterclaim may be barred, in whole or in part, by the Statute of Limitations.

6. Defendant's Counterclaim may be barred, in whole or in part, by the parol evidence rule and the existence of a fully integrated contract.

7.  Defendant's Counterclaim, and damages, if any, may be barred by Defendant's own breach of the parties contract.

8.  Defendant has failed to mitigate its damages, if any.

9.  Defendant's Counterclaim is barred because Defendant has not suffered any damage(s).

10. Defendant's Counterclaim is barred by the terms and conditions of the AT&T Service Guide and Tariff's on file with the FCC including but not limited to Tariff Nos. 1, 2, 3, 9, 11 and 14.

11. Defendant's claim for attorneys fees may be barred by applicable law which precludes awards for attorneys fees unless provided for by statute or in a written contract.

12. AT&T reserves the right to assert additional defenses or voluntarily withdraw defenses on the basis of information obtained through discovery and investigation.

Respectfully submitted this 4th day of November, 2004.

_____
William M. Zall
BBO #554135
Cunningham, Machanic, Cetlin,
Johnson & Harney, LLP
220 North Main Street
Natick, MA 01760
Telephone: (508) 651-7524
Fax: (508) 653-0119

Paul R. Frank, III, #12275
William H. Eikenberry, #29535
1228 Fifteenth Street, Second Floor
Denver, Colorado 80202
Telephone: (303) 623-4500
Facsimile: (303) 323-0960
Email:    beikenberry@mfgll.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF MAILING

I certify that on November 4, 2004, a true and correct copy of the foregoing PLAINTIFF'S REPLY TO COUNTERCLAIM was placed in the U.S. Mail, postage prepaid, to the following:

William A. Worth
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA  02109-1024

Richard H. Alpert
Welch Foods, Inc.
575 Virginia Road
Concord, MA  01742

_____